UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

SHARON KAY FUENTES-MARTIN,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 1:14-cv-385

Honorable Phillip J. Green

**OPINION**

This is a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3) seeking judicial review of a final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance (DIB) benefits and supplemental security income (SSI) benefits. On May 27, 2011, plaintiff filed her application for SSI benefits. (Page ID 175-82). On June 2, 2011, she filed her application for DIB benefits. (Page ID 168-74). In both applications, she alleged a January 1, 2011, onset of disability.[1] (Page ID 168, 175). Plaintiff's applications for DIB and SSI benefits were denied on initial review. (Page ID 111-32). On October 24, 2012, plaintiff received a hearing before an ALJ. (Page ID 51-109). On November 7, 2012, the ALJ issued his

---

[1]SSI benefits are not awarded retroactively for months prior to the application for benefits. 20 C.F.R. § 416.335; *see Kelley v. Commissioner*, 566 F.3d 347, 349 n.5 (3d Cir. 2009); *see also Newsom v. Social Security Admin.*, 100 F. App'x 502, 504 (6th Cir. 2004). The earliest month in which SSI benefits are payable is the month after the application for SSI benefits is filed. Thus, June 2011 is plaintiff's earliest possible entitlement to SSI benefits.

decision finding that plaintiff was not disabled. (Page ID 36-47). On February 4, 2014, the Appeals Council denied review (Page ID 23-25), and the ALJ's decision became the Commissioner's final decision.

Plaintiff filed a complaint seeking judicial review of the Commissioner's decision. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, the parties voluntarily consented to have a United States magistrate judge conduct all further proceedings in this case, including entry of final judgment. (Dkt. 9). Plaintiff asks the Court to overturn the Commissioner's decision on the following grounds:

1. The ALJ erred when he found that plaintiff's mental impairments were not "severe" as defined in the Act and regulations.

2. The ALJ erred when he failed to assist Ms. Fuentes-Martin, an unrepresented claimant, in the presentation of her case.

3. The Appeals Council erred when it denied review.

(Plf. Brief at 5, 10, 11, Dkt. 13, Page ID 469, 474-75). The Court finds that plaintiff's arguments do not provide any basis for disturbing the Commissioner's decision. A judgment will be entered affirming the Commissioner's decision.

## Standard of Review

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Heston v.*

*Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Gayheart v. Commissioner*, 710 F.3d 365, 374 (6th Cir. 2013) ("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Kyle v. Commissioner*, 609 F.3d 847, 854 (6th Cir. 2010).

**Discussion**

The ALJ found that plaintiff met the disability insured requirement of the Social Security Act from January 1, 2011, through the date of the ALJ's decision. (Op. at 3, Page ID 38). Plaintiff had not engaged in substantial gainful activity on or after January 1, 2011, the alleged onset date. (*Id.*). Plaintiff had the following severe impairments: degenerative joint disease of the knee, hypothyroidism, hypertension, sleep apnea, and obesity. (*Id.*). Plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. (*Id.* at 5, Page ID 40). The ALJ found that plaintiff retained the residual functional capacity (RFC) for a full range of sedentary work:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform the full range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) in that the claimant can lift and carry up to 10 pounds occasionally and lesser weights frequently. She can stand and/or walk about 2 hours in an 8-hour workday and sit about 6 hours in an 8-hour workday with normal breaks.

(Op. at 5, Page ID 40). The ALJ found that plaintiff's testimony regarding her subjective functional limitations was not fully credible. (*Id.* at 5-10, Page ID 40-45). The ALJ found that plaintiff was unable to perform any past relevant work. (*Id.* at 10, Page ID 45).

Plaintiff was 45 years old on the as of her alleged onset of disability. She was classified as a younger individual at all times relevant to her claims for DIB and SSI benefits. (*Id.*). Plaintiff has a limited education and is able to communicate in English. (*Id.* at 11, Page ID 46). The ALJ found that the transferability of job skills was not

material to a finding of disability. (*Id.*). The ALJ found that Rule 201.19 of the Medical-Vocational Guidelines directed a finding that plaintiff was not disabled. (*Id.*). The ALJ found that plaintiff was not disabled within the meaning of the Social Security Act from January 1, 2011, through November 7, 2012, the date of the ALJ's decision. (*Id.* at 11-12, Page ID 46-47).

1.

Plaintiff's initial argument is that the ALJ erred when he found that plaintiff's mental impairments were not "severe" as defined in the Act and regulations. The finding of a severe impairment at step 2 is a threshold determination. The finding of a single severe impairment is sufficient to require continuation of the sequential analysis.[2] *See Maziarz v. Secretary of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987). The ALJ found at step 2 of the sequential analysis that plaintiff had four severe impairments. (Op. at 3, Page ID 38). The ALJ's failure to find additional severe

---

[2]"Administrative law judges employ a five-step sequential inquiry to determine whether an adult claimant is disabled within the meaning of the Social Security Act." *Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004). Under the sequential analysis, "The claimant must first show that she is not engaged in substantial gainful activity. Next, the claimant must demonstrate that she has a 'severe impairment.' A finding of 'disabled' will be made at the third step if the claimant can then demonstrate that her impairment meets the durational requirement and 'meets or equals a listed impairment.' If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that she is incapable of performing work that she has done in the past. Finally, if the claimant's impairment is so severe as to preclude the performance of past work, then other factors, including age, education, past work experience, and residual functional capacity, must be considered to determine if other work can be performed. The burden shifts to the Commissioner at this fifth step to establish the claimant's ability to do other work." *White v. Commissioner*, 572 F.3d 272, 282 (6th Cir. 2009).

impairments at step 2 is "legally irrelevant." *McGlothin v. Commissioner*, 299 F. App'x 516, 522 (6th Cir. 2009); *see Anthony v. Astrue*, 266 F. App'x 451, 457 (6th Cir. 2008). The ALJ continued the sequential analysis and considered all plaintiff's severe and non-severe impairments in making his factual finding regarding plaintiff's RFC. (Op. at 5-10. Page ID 40-45).

**2.**

Plaintiff argues that the Appeals Council erred when it denied review. The scope of the Court's review is defined by statute and does not encompass the Appeals Council's discretionary decision whether to grant review. *See Matthews v. Apfel*, 239 F.3d 589, 594 (3d Cir. 2001) ("No statutory authority (the source of the district court's review) authorizes the court to review the Appeals Council decision to deny review."); *see also Porterfield v. Commissioner*, No. 1:13-cv-318, 2014 WL 1329410, at * 3 (W.D. Mich. Mar. 28, 2014).

In the course of attempting to attack the Appeal's Council's decision, plaintiff alluded to the standard for a remand to the Commissioner for consideration of new evidence (Plf. Brief at 13-14), but her brief does not contain any developed argument supporting a request for remand to the Commissioner under sentence six of 42 U.S.C. § 405(g) for consideration of new evidence. Issues raised in a perfunctory manner are deemed waived. *See Clemente v. Vaslo*, 679 F.3d 482, 497 (6th Cir. 2012); *Moore v. Commissioner*, 573 F. App'x 540, 543 (6th Cir. 2014); *see also Curler v. Commissioner*, 561 F. App'x 464, 475 (6th Cir. 2014) (Plaintiff "develops no argument to support a remand, and thus the request is waived."). The issue is deemed waived.

Even assuming that the issue had not been waived, the Court finds no basis for remanding this matter to the Commissioner. The proffered evidence (Page ID 448-52) is new because it was generated on September 16, 2013, almost a full year after the ALJ's decision. *See Ferguson*, 628 F.3d 269, 276 (6th Cir. 2010); *Hollon ex rel. Hollon v. Commissioner*, 447 F.3d 477, 483-84 (6th Cir. 2006).

"Good cause" is not established solely because the new evidence was not generated until after the ALJ's decision. *See Courter v. Commissioner*, 479 F. App'x 713, 725 (6th Cir. 2012). The Sixth Circuit has taken a "harder line." *Oliver v. Secretary of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986). The moving party must explain why the evidence was not obtained earlier and submitted to the ALJ before the ALJ's decision. *See Ferguson*, 628 F.3d at 276. Plaintiff argues that good cause is established because plaintiff was "learning disabled" and that the ALJ had assured her that "any necessary additional evidence would be obtained[.]" (Plf. Brief at 14, Page ID 478). The record is devoid of evidence that plaintiff was learning disabled. She testified and completed Social Security Administration forms indicating that eighth grade was the highest grade that she finished in school. (Page ID 71, 223-24). Plaintiff's decision to waive her right to representation by an attorney does not establish good cause.

Further, plaintiff has taken the ALJ's statement regarding additional evidence out of context. The ALJ indicated that he would obtain additional evidence or locate additional evidence if it was necessary to protect plaintiff's procedural rights at the hearing. (Page ID 56). Plaintiff had been informed in advance of the hearing of the

need for her to present the medical evidence supporting her claims. (Page ID 143, 151). Plaintiff stated that she had reviewed her file before the hearing. The ALJ asked plaintiff if there was anything in her file that looked like it did not belong or was not relevant. Plaintiff's response was that there were a "few things missing," and she then handed the evidence to the ALJ. This additional evidence was included in the administrative record and the ALJ considered it when he found that plaintiff was not disabled. (Page ID 56-58). Plaintiff stated that there was no additional evidence that she wanted the ALJ to consider:

> ALJ: . . . Other than the stuff you ha[ve] given me just now and what's in the file now, is there anything else you can think of that needs to be put in there?
>
> CLMT: No.[3]

(Page ID 59). The Court finds that plaintiff has not shown good cause for her failure to present the newly proffered evidence to the ALJ before he rendered his decision.

Finally, in order to establish materiality, plaintiff must show that the introduction of the new evidence would have reasonably persuaded the Commissioner to reach a different conclusion. *See Ferguson*, 628 F.3d at 276; *Foster v. Halter*, 279 F.3d at 357. The period at issue on plaintiff's claim for DIB benefits ran from January 1, 2011, her alleged onset of disability, through November 7, 2012. On her claim for

---

[3]Plaintiff later testified that Physician's Assistant Slachta had not imposed any limitations related to her ability to work. (Page ID 73).

SSI benefits, the period at issue ran from the date she filed her application for SSI benefits, May 27 2011, through November 7, 2012.

On September 16, 2013, Physician's Assistant Anne Slachta completed and signed a RFC questionnaire for plaintiff's attorney (Page ID 448-52). Plaintiff concedes that the RFC questionnaire "post-dates the hearing decision by nearly a year." (Plf. Brief at 14, Page ID 478). The questionnaire responses do not purport to assess plaintiff's condition at any time during the periods at issue on plaintiff's claims for DIB and SSI benefits. (Page ID 448-552). Ms. Slachta's questionnaire responses did not indicate that any of the restrictions she suggested applied during the periods at issue on plaintiff's claims for DIB and SSI benefits. She simply gave no response question 18. (Page ID 452). In addition, Ms. Slachta's questionnaire responses are utterly conclusory. Plaintiff's attorney made no attempt to support the conclusions that Slachta offered on this form with her underlying treatment records. Finally, Ms. Slachta is not an acceptable medical source. *See* 20 C.F.R. §§ 404.1513(a), (d)(1), 416.913(a), (d)(1).

There is no treating physician's assistant rule. The opinions of physician's assistants are not entitled to any particular weight. Only "acceptable medical sources" can: (1) provide evidence establishing the existence of a medically determinable impairment; (2) provide a medical opinion; and (3) be considered a treating source whose medical opinion could be entitled to controlling weight under the treating physician rule. *See Titles II and XVI: Considering Opinions and Other Evidence from Sources Who are not 'Acceptable Medical Sources' in Disability Claims; Considering*

*Decisions on Disability by Other Governmental and Nongovernmental Agencies*, SSR 06–3p (reprinted at 2006 WL 2329939, at * 2 (SSA Aug. 9, 2006)). The opinions of physician's assistants fall within the category of information provided by "other sources." *See* 20 C.F.R. §§ 404.1513(d)(1), 416.913(d)(1).

If Ms. Slachta had completed a RFC questionnaire, if it had applied to the periods at issue, and if it had been presented to the ALJ before he made his decision, it would have been "considered." 2006 WL 2329939, at * 1, 4 (citing 20 C.F.R. §§ 404.1513, 416.913); *Cole v. Astrue*, 661 F.3d 931, 939 (6th Cir. 2011); *Cruse v. Commissioner*, 502 F.3d 532, 541 (6th Cir. 2007). Printing a physician's name at the bottom of Ms. Slachta's RFC questionnaire (Page ID 452) is not sufficient to transform her opinions into the opinions of a treating physician. The Court finds that introduction of the proffered evidence would not have persuaded the ALJ to reach a different decision on the claims for DIB and SSI benefits under appellate review in this lawsuit.

Plaintiff has not demonstrated that remand pursuant to sentence six of 42 U.S.C. § 405(g) is warranted. Plaintiff's arguments must be evaluated on the record presented to the ALJ.

### 3.

Plaintiff argues that the ALJ erred when he failed to assist her in the presentation of her case. (Plf. Brief at 10, Page ID 474). Plaintiff does not dispute that she made a valid waver of her right to representation at the hearing (Plf. Brief at 3 n.3, Page ID 467), nor could she on this administrative record. The hearing transcript

reveals that plaintiff knowingly elected to proceed on her claims without being represented by an attorney.[4] The ALJ informed plaintiff of her right to legal representation at the hearing and emphasized that an attorney would be able to help her in the presentation of her claim: "They can help you. They can help you obtain evidence. They can help you to make arguments on your behalf. They can explain medical terms. They protect your rights[.]" (Page ID 54). Plaintiff testified that she understood her right to representation and that she was electing to proceed without an attorney. (Page ID 55). Plaintiff then signed a form acknowledging that she was waiving her right to have a an attorney represent her and that she was electing to go forward without one. (Page ID 56, 164).

Plaintiff bears the ultimate burden of producing sufficient evidence to show that she is disabled. *See Casey v. Secretary of Health & Human Servs*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Landsaw v. Secretary of Health & Human Servs.*, 803 F.2d 211, 214 (6th Cir. 1986) ("The burden of providing a complete record detailed enough to enable the [Commissioner] to make a disability determination, rests with the claimant."); *see also Allison v. Apfel*, No. 99-4090, 2000 WL 1276950 at *5 (6th Cir. Aug. 30, 2000). "[T]he mere fact that a claimant was unrepresented is not grounds for reversal." *Duncan v. Secretary of Health & Human Servs.*, 801 F.2d 847, 856 (6th Cir. 1986). The Sixth Circuit has held that the ALJ has a special, heightened duty to develop the

---

[4]Other evidence establishes that plaintiff was informed of her right to be represented by an attorney in advance of her October 24, 2012, hearing. (Page ID 142-58, 151, 156-57).

record when a claimant is without counsel, is not capable of presenting an effective case, and is unfamiliar with hearing procedures. *Lashley v Secretary of Health & Human Servs.*, 708 F.2d 1048, 1051 (6th Cir. 1983); *see also Trandafir v. Commissioner*, 58 F. App'x. 113, 115 (6th Cir. 2003). The determination whether the ALJ failed in his duty to develop the record must be made on a case-by-case basis. *Lashley*, 708 F.2d at 1052; *see also Forrest v. Commissioner*, 591 F. App'x 359, 363 (6th Cir. 2014). Although an ALJ has an obligation to develop the facts to ensure that the claimant receives a full and fair hearing, the ALJ must not assume the role of counsel in doing so. *Lashley*, 708 F.2d at 1051 (citing *Richardson v. Perales*, 402 U.S. at 411).

Here, the ALJ's questions were probing rather than perfunctory. The hearing lasted more than an hour and the transcript spans 58 pages. Plaintiff indicated that there was no additional evidence that she wanted him to consider. The transcript shows that plaintiff understood the nature of the proceedings and was able to present her claims and provide the ALJ with the medical records that she wanted the ALJ to consider. (Page ID 51-109). *Compare Lashley*, 708 F.2d at 1052.

Although plaintiff's counsel states that the ALJ failed to develop the record, he has not presented any evidence, such as supplying the purportedly "overlooked" treatment records for the periods at issue, which may have indicated that further development of this record by the ALJ would have produced a different result. *See Born v. Secretary of Health & Human Servs.*, 923 F.2d 1168, 1172 (6th Cir. 1990); *see also Depweg v. Commissioner*, No. 14-11705, 2015 WL 5014361, at * 8 (E.D. Mich. Aug. 24, 2015); *Johnson v. Commissioner*, No. 1:14-cv-141, 2015 WL 542387, at * 7 (N.D.

Ohio Feb. 10, 2015). The Court finds no basis for disturbing the Commissioner's decision denying plaintiff's claims for DIB and SSI benefits.

## Conclusion

For the reasons set forth herein, a judgment will be entered affirming the Commissioner's decision.


Dated:  September 15, 2015            /s/  Phillip J. Green
                                      United States Magistrate Judge